## 11528.  HURT *v.* FORT *et al.*

1. In a suit to recover money upon an alleged contract to convey land or pay a certain sum of money, the petition was too indefinite as to the terms of the alleged contract, the land to be conveyed, and when the conveyance was to be made, and was insufficient as to the consideration, where the allegations touching these matters were: that in 1899 the plaintiff's mother-in-law, whose executors were the defendants, "promised and contracted" to give him "one acre" of "a large tract of land in Fulton county, State of Georgia, fronting on Peachtree road, near the City of Atlanta," owned by her, "or its equivalent in money,— $5,000" (the sum sued for), "as a special

inducement to petitioner to come and live with her; " that, acting upon this promise, he and his wife moved to Atlanta in 1899, and resided with her until her death in 1917, all the while sharing his portion of the expense of the upkeep of the household; that she repeatedly offered, especially during the last two years of her life, to make a deed to him to one acre of the said land, but through procrastination of both parties the deed was never executed; that he performed all his obligations under the contract, and that she did not ·fulfil her part of the agreement.

2. Under ·the statute of limitations, even if there was a valid contract, the action was barred.

DECIDED OCTOBER 13, 1920.

Action on contract; from Fulton superior court — Judge Bell. March 20, 1920.

*Robert P. Jones, Evins & Moore,* for plaintiff.

*Rosser, Slaton, Phillips & Hopkins,* for defendants.

SMITH, J. On October 14, 1919, Dr. J. W. Hurt sued Fannie K. Fort and Charles C. Keith, as executors of Mrs. R. P. Keith, alleging substantially, in the petition as amended, that the petitioner was the son-in-law of Mrs. Keith; that in the year 1899, soon after his marriage, said Mrs. Keith insisted upon petitioner and his wife moving to Atlanta and living with her; that Mrs. Keith owned " a large tract of land in Fulton County, State of Georgia, fronting on Peachtree road, near the City of Atlanta, and as a special inducement to petitioner to come and live with her, she promised and contracted to give to petitioner one acre of said land, or its equivalent in money — $5000." He further alleged, that, " acting upon said promises and consideration," he and his wife moved to Atlanta in 1899 and resided with the said Mrs. Keith until her death in February, 1917, all the while sharing his portion of the expense of the upkeep of the household; that Mrs. Keith, especially during the last two years of her life, repeatedly offered to make to petitioner a deed to one acre of said land, but through procrastination of both parties the deed was never executed nor the value of the land ever paid to him; that he had performed all his obligations under said contract, and that Mrs. Keith did not during her lifetime fulfil her part of the agreement; that Mrs. Fannie K. Fort and Charles C. Keith are the executors of said Mrs. Keith, and that more than a year elapsed before the bringing of the suit. He alleged also that he had made demand upon the representative of the estate for $5,000,

but the demand was refused.   He prayed for a judgment for $5,000. To this suit Charles C. Keith, the surviving executor of Mrs. R. P. Keith, filed a general demurrer upon two grounds: (1) that no cause of action is set out in the petition; and (2) that the petition shows on its face that if any cause of action ever existed, it was barred by the statute of limitations.   The court sustained the general demurrer, on the ground that the action was barred by the statute of limitations, and the case was dismissed.  *Held*:

1.   The petition is too vague and indefinite as to the contract, in that it fails to set out the terms of the contract, what acre of land was to be conveyed by Mrs. Keith, and when the conveyance was to be made.   It also fails to set out when the $5,000, alleged to be the value of the land, was to be paid.   In other respects the petition is very vague and indefinite, and it fails to show that the plaintiff suffered any loss, or that he rendered any services to the deceased, or that there was any consideration moving from him to her.

2.   Even if the contract was a valid one, no time is set out in the petition in which the contract was to be performed, and the law will presume in such a case that it was to be performed upon demand, or within a reasonable time; and therefore it clearly appears from the petition that it was many years after the alleged contract was entered into before the death of Mrs. Keith, and that no demand was ever made by the plaintiff for a performance of the contract.   Clearly the right of action was barred by the statute of limitations.

*Judgment affirmed.   Jenkins, P. J., and Stephens, J., concur.*